UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF TA'KIYA YOUNG AND : <br> TA'KIYA YOUNG'S UNBORN CHILD : <br> by and through its Administrator, : <br> Nadine Young : <br> c/o Walton+Brown, LLP. : <br> 395 East Broad Street, Suite 200 : <br> Columbus, Ohio 43215, : <br>   : <br> Plaintiff, : <br>   : <br> v. : <br>   : <br> BLENDON TOWNSHIP, OHIO : <br> c/o Pat Myers, Administrator : <br> 6350 South Hempstead Road : <br> Westerville, Ohio 43081, : <br>   : <br> Serve Also: : <br> Reminger Co., L.P.A., Attn: Thomas Spyker : <br> 200 Civic Center Drive, Suite 800 : <br> Columbus, Ohio 43215 : <br>   : <br> and : <br>   : <br> CHIEF JOHN C. BELFORD : <br> c/o Blendon Township Police Department : <br> 6340 South Hempstead Road : <br> Westerville, Ohio 43081 : <br>   <br> in his Official Capacity as an Employee of <br> Blendon Township, <br>   <br> Defendants. | JURY DEMAND <br> ENDORSED HEREON |

## COMPLAINT

1. The shooting death of Ta'Kiya Young and her unborn child by Officer Connor Grubb in August 2023 highlights the significant issues with Blendon Township's police practices.

2. Blendon Township Police Department has a well-known community reputation of aggressive and racially tinged policing practices resulting in unjustified excessive use or force in violation of the Fourth and Fourteenth Amendments.

3. Blendon Township Police Department's culture was on full display on August 24, 2023. That day Officers Connor Grubb and Eric Moynihan unnecessarily and without sufficient cause escalated an interaction with Ta'Kiya Young, pregnant, resulting in Grubb fatally shooting Ms. Young and her unborn child in the parking lot of a Kroger store located at 5991 Sunbury Road, Westerville, Ohio. See video *'Are you going to shoot me?': Video of Ta'Kiya Young's deadly confrontation with police released*, WSYX ABC 6, https://www.youtube.com/watch?v=qPNX4aWOim4

4. Prior to the killing of T'Kiya Young and her unborn child, Officer Connor Grubb had multiple complaints and misconduct against the general public.

   a. In June of 2023, Officer Grub harassed and mishandled the unjustified stop of a minor;
   b. Physical intimidation and improper arrest of Samantha Musick, including removal to isolated location;
   c. Failed court appearances leading to dismissed prosecutions;
   d. Policy violations after the officer-involved shooting.

5. Despite Grubb's history, Blendon Township allowed him to remain on the job, until he killed Ta'Kiya Young and her unborn child.

**FACTS**

6. Ms. Young was in the parking lot of a Kroger store on Sunbury Road when she was aggressively confronted by two Blendon Township police officers, including Officer Connor Grubb, who had been on scene at the Kroger already.

7. Upon information and belief, a Kroger employee had previously flagged down these officers, who were assisting another customer locked out of her vehicle, and informed them of an alleged shoplifting incident.

8. Without reasonable verification or investigation, the officers recklessly escalated their response, singling out Ms. Young and treating her as a dangerous criminal despite the minor nature of the allegations.

9. Ms. Young was seated in her vehicle when the officers approached her in an aggressive and intimidating manner.

10. One officer stood at her driver's side window, asking Ms. Young to get out of the car, while Officer Connor Grubb recklessly positioned himself directly in front of her car despite the fact she was calmly responding to Grubb's partner.

11. At no point prior to standing in front of Ms. Young's car were any threats or attempts to leave made by Ms. Young. Notably, Officer Grub's partner appeared perfectly comfortable speaking to Ms. Young through her window without the need to take any defensive position or cover, instead just standing and talking to her.

12. Officer Grubb recklessly escalated the scenario creating a dangerous and unnecessary confrontation.

13. Due to the reckless and unexplainable escalation, Grubb's body worn camera shows Ms. Young visibly and clearly frightened and trying to navigate the situation, visibly and clearly turned her steering wheel all the way away from Grubb's position until the steering wheel locked, in a clear effort to keep her car from rolling into him. The vehicle moved forward at a minimal speed away from Officer Grubb.

14. In an outrageous and indefensible act, Officer Grubb recklessly and immediately fired his weapon through the windshield, striking Ms. Young in the chest with a fatal shot.

15. Despite her fatal injury, Ms. Young's vehicle continued rolling forward, ultimately coming to a stop after making minor contact with the exterior of the Kroger store. Grubb and his partner then violently broke the driver's side window to remove her from the vehicle.

16. Ta'Kiya was unarmed when Grubb shot and killed her. No weapon was recovered from her person or her vehicle.

17. Ta'Kiya was transported to Mount Carmel St. Ann's hospital in Westerville, where both she and her unborn child were pronounced dead on August 24, 2023.

18. Grubb later attempted to justify his excessive and deadly use of force by claiming he was unaware of Ms. Young's pregnancy, a statement that does nothing to mitigate the brutality and recklessness of his actions. There was no immediate threat to any officer, no weapon found, and no justification for the use of deadly force. Ms. Young was executed for a minor and unverified shoplifting allegation, a tragic and inexcusable example of police misconduct and abuse of power.

19. Following an extensive review, a Franklin County grand jury indicted Officer Connor Grubb on four counts of murder, four counts of felonious assault, and two counts of

involuntary manslaughter. This indictment further affirms the egregious nature of his conduct and the undeniable violation of Ms. Young's and her unborn child's constitutional rights.

20. As a direct and proximate result of Defendant Grubb's reckless conduct, Ta'Kiya suffered from terror and pain inflicted upon her, including severe personal injuries and extreme emotional distress, during the course of this brutal attack and as she died.

21. As direct and proximate result of Defendant Grubb's reckless conduct, Ta'Kiya's children, father, grandparents and her community suffered and continue to suffer, *inter alia*, severe grief, injury, pain and suffering, severe emotional distress, loss of love, affection, society, companionship, consortium, pecuniary loss and expenses as well as other injuries as a result of Ta'Kiya and her unborn child's death.

## FAILURES OF BLENDON TOWNSHIP POLICE DEPARTMENT

22. The Columbus Division of Police has displayed a consistent and systemic failure to properly train and supervise its officers on the proper use of force, as well as a consistent and systemic failure to properly discipline officers engaged in excessive force and other misconduct.

23. These failures have resulted in numerous incidents of officers unnecessarily using force, particularly against people of color, that results in seriously injury and even death.

24. These incidents are well known in the Columbus community, receiving widespread media coverage.

25. The incidents are known to the City and Chief of Police as well.

26. By tolerating the regular use of excessive force, the leadership of the Columbus Division of Police and the leadership of the City indicated to Columbus Police officers that they were free to use force however they liked without the threat of discipline or accountability.

5

A.    **Failure to Train**

27.    While Blendon Township's written use-of-force policy restricts officers from shooting at moving vehicles, except when no other reasonable option exists, Officer Grubb still positioned himself in front of Ms. Young's vehicle and fired through the windshield, inconsistent with policy and accepted standards.

28.    Grubb's conduct is a result of a broader custom of tolerating excessive or disproportionate force within the department in violation of department policy.

29.    Although Blendon Township is small community reports reflect aggressive policing practices resulting in a de facto custom permitting excessive force.

30.    Even compliant policies must be reinforced through training. Defendant Blendon Township failed to adequately train Grubb and its officers on vehicle encounters, de-escalation techniques, or the limits of deadly force in low-level offense situations resulting in deliberate indifference.

31.    Blendon Township was or should have been aware of Grubb's propensities and that his and other officers' inadequate training was likely to lead to constitutional violations.

32.    Grubb clearly either received little or no scenario-based training on encounters like this, or a there is a clear need for better training.

33.    The nature of the shooting of Ta'Kiya Young and her unborn shot itself—a fatal response to a minor theft allegation—reflects insufficient training to instill restraint and de-escalation.

### B. Lack of Oversight and Supervision

34. Officer Grubb had a history of aggressive encounters with community members, yet there does not appear to be any meaningful disciplinary action before the fatal shooting.

35. Blendon Township's response after the incident further reflects weak oversight.

36. Grubb was placed on leave but retained on the force for an extended period, even after indictment.

37. Apparent failure or delayed internal review and reliance on outside investigations reflects a lack of internal accountability.

38. Blendon Township fostered a culture of indifference to officer misconduct, amounting to a policy of inaction.

## PARTIES

39. Plaintiff Nadine Young was appointed Administrator of the Estate of Ta'Kiya Young, deceased and her unborn child, deceased, by the Franklin County Probate Court, Ohio, Case No. 634127, on February 3, 2025. Plaintiff is a resident of Franklin County, Ohio, and is Ta'Kiya Young's grandmother.

40. Ta'Kiya Young's unborn child was 25 weeks gestational age at the time of death.

41. Defendant Blendon Township ("Blendon" or "the Township") is a municipal corporation charged with and responsible for appointing and promoting, through its Board of Trustees, the members of the Blendon Township Police Department and for the supervision, training, instruction, discipline, control, and conduct of the Blendon Township Police Department and its personnel. At all times relevant to this case, Blendon had the power, right, and duty to control the manner in which the individual defendants carried out the objectives of their employment and to see that all orders, rules, instructions, and regulations promulgated for

7

the Blendon Township Police Department were consistent with the Constitution and the laws of the Blendon Township.

42. Defendant Chief John Belford ("Belford") was Chief of Police for Blendon Township Police Department at all times relevant to this case. Belford was the responsible party for supervising the training, instruction, discipline, control and conduct of Blendon Township police officers including Grubb. He was also charged with promulgating all orders, rules, instructions, and regulations of the Blendon Township Police Department, including but not limited to those orders, rules, instructions, and regulations concerning the use of force and of deadly weapons. He was also charged with promulgating all orders, rules, instructions, and regulations of the Blendon Township Police Department regarding the procedures to be implemented when police officers have interactions with citizens who are the subject of allegations.

## JURISDICTION AND VENUE

43. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws of Ohio.

44. Venue is proper in this Court because one or more of the defendants resides in this judicial district and, on information and belief, all defendants reside in Ohio; and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

45. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, because this case involves claims arising under the Constitution and laws of the United States and because this case seeks to redress the deprivation under color of law of rights under the U.S. Constitution and to recover damages under an Act of Congress providing for protection of civil rights.

46. Plaintiff seeks compensatory damages, punitive damages, interest and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

### COUNT ONE: 42 U.S.C. § 1983 – MUNICIPAL LIABILITY
**(against Blendon Township and against John Belford in his official capacity)**

47. Plaintiff incorporates the above allegations by reference as if fully realleged here.

48. Grubb under color of law deprived Ta'Kiya Young and her unborn child of clearly established rights to be free from unreasonable and excessive force during an interaction with police and/or an attempted arrest, and further deprived them of their rights by malicious use of force in shooting them.

49. Grubb under color of law deprived Ta'Kiya Young and her unborn child of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free of excessive force.

50. The Blendon Township Police Department failed to adequately train its officers, including Officer Grubb, on proper use-of-force decision-making, vehicle encounters, and de-escalation techniques.

51. The Department also failed to supervise Officer Grubb adequately, despite prior complaints about his conduct.

52. As a direct and proximate result of the Defendants' actions that caused or led to the use of excessive and unreasonable force in this shooting, Ta'Kiya Young and her unborn child died and suffered other damages, and their survivors, next of kin and/or heirs have suffered damages, all as set forth above.

53. The violations of Ta'Kiya Young and her unborn child's constitutional rights as described in this Complaint occurred as part of, and were the direct and proximate results of, the official policy or custom of the Blendon Township and its Police Department.

54. The known community history of use of excessive force and discriminatory policing and related constitutional violations by Grubb and Blendon Township were the force behind the violation of Ta'Kiya Young and her unborn child's constitutional rights reflective of a pattern of deficiencies and deliberate indifference.

55. These incidents demonstrate an official policy or custom of the Township and its police department of racially discriminatory policing and unjustified use excessive force.

## PRAYER FOR RELIEF

Plaintiff demands that judgment be entered in her favor on all counts and requests the following relief:

A. Compensatory damages in an amount to be shown at trial;

B. Appropriate permanent injunctive relief to enjoin the Township's policies and customs that resulted in the violations of Ta'Kiya Young and her unborn child's constitutional rights;

C. Attorneys' fees;

D. Prejudgment interest and post-judgment interest;

E. Any other relief to which Plaintiff may be entitled, or to which the Court deems appropriate. This includes but is not limited to costs of this action, as well as any court-supervised reforms to the Blendon Township Police Department that the parties may identify and pursue by agreement or that may be ordered by the Court.

Respectfully submitted,

/s/ Robert L. Gresham
Michael L. Wright, #0067698
Robert L. Gresham, #0082151
Kesha Q. Brooks, #0095424
130 W. Second Street, Suite 1600

        Dayton, Ohio 45402
        (937) 222-7477
        (937) 222-7911    FAX
        mwright@yourohiolegalhelp.com
        rgresham@yourohiolegalhelp.com
        kbrooks@yourohiolegalhelp.com

        Sean L. Walton (0088401)
        Chanda L. Brown (0081076)
        Walton + Brown, LLP
        395 E. Broad Street, Suite 200
        Columbus, Ohio 43215
        T: (614) 636-3476
        F: (614) 636-3453
        swalton@waltonbrownlaw.com
        cbrown@waltonbrownlaw.com

        Anthony D. Pierson (0075954)
        Pierson and Pierson
        4449 Easton Way, 2nd Floor
        Columbus, Ohio 43219
        T: (614) 934-1363
        anthony@piersonpierson.com

        Attorneys for Plaintiff

## JURY DEMAND

    Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

        /s/ Robert L. Gresham
        Robert L. Gresham, Esq.
        *Attorney for Plaintiff*