**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Estate of Ta'Kiya Young and Ta'Kiya Young's Unborn Child by and through its Administrator, Nadine Young | : | CASE NO.: 2:25-cv-01093 |
| Plaintiff, | : | Judge James L. Graham |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| Blendon Township, et al., | : | |
| Defendants. | | |

**ANSWER OF DEFENDANTS BLENDON TOWNSHIP AND CHIEF JOHN BELFORD TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(Jury Demand Endorsed Herein)**

For their Answer to Plaintiff's Complaint, Defendants Blendon Township and Chief John Belford (collectively "Defendants") state as set forth below:

**FIRST DEFENSE**

For their First Defense, Defendants respond to the numbered paragraphs of Plaintiff's Complaint, in like-numbered paragraphs, as follows:

1. Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that Officer Grubb discharged his weapon, and Ms. Young was shot at Kroger as captured by body camera footage. Defendants deny the remaining

allegations contained in Paragraph 3 of Plaintiff's Complaint because the link is broken. The full body and surveillance camera footage is attatched hereto as **Exhibit A** to this Answer.[1]

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit that Ms. Young was in the Korger parking lot. Defendants deny the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Paragraph 8 of Plaintiff's Complaint refers to a legal conclusion for which no response is required; otherwise, denied.

9. Defendants admit that Ms. Young was seated in her vehicle. Defendants deny the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit that Ms. Young was repeatedly asked to exit her vehicle. Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

---

[1] The videos will be manually filed upon leave being granted. (*See* ECF No. 12),

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 of Plaintiff's Complaint refers to a legal conclusion for which no response is required. Otherwise, Defendants admit that Officer Grubb discharged his weapon and deny the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit that Ms. Young's vehicle continued to drive forward until it crashed into the exterior of the Kroger. Defendants admit that Officer Grubb removed Ms. Young from the vehicle. Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff.

16. Defendants deny for want of knowledge the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit that an indictment for Officer Grubb was filed in the Franklin County Court of Common Pleas. Officer Grubb was subsequently found not guilty on all charges. Defendants deny the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Paragraph 20 of Plaintiff's Complaint refers to a legal conclusion for which no response is required; otherwise, denied.

21. Paragraph 21 of Plaintiff's Complaint refers to a legal conclusion for which no response is required; otherwise, denied.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants admit that Officer Grubb was placed on leave. Defendants deny the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants admit the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny for want of knowledge the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants admit that Blendon Township is a municipal corporation that has Board of Trustees. Further, Blendon Township operates a police department. The remaining allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.

39. Defendants admit that John Belford is Blendon Township's chief of police. The remaining allegations contained in Paragraph 39 are denied.

40. Paragraph 40 of Plaintiff's Complaint refers to a legal conclusion for which no response is required; otherwise, denied.

41. Paragraph 41 of Plaintiff's Complaint refers to a legal conclusion for which no response is required; otherwise, denied.

42. Paragraph 42 of Plaintiff's Complaint refers to a legal conclusion for which no response is required; otherwise, denied.

43. Paragraph 43 of Plaintiff's Complaint refers to a legal conclusion for which no response is required; otherwise, denied.

44. Defendants reincorporate Paragraphs 1 through 44, above, as if fully rewritten herein.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

## SECOND DEFENSE

53. Defendants deny all allegations contained in Plaintiff's Complaint not expressly admitted in this Answer.

## THIRD DEFENSE

54. Defendants are immune from suit including legislative immunity, statutory immunity, governmental immunity, judicial immunity or any other immunities under Federal and State law.

## FOURTH DEFENSE

55. The Complaint fails to state a claim upon which relief may be granted.

## FIFTH DEFENSE

56. The incident was proximately caused by the sole or contributory or comparative negligence of Plaintiff or her representative and/or agents.

**SIXTH DEFENSE**

57. The incident was proximately caused by the sole or contributory or comparative negligence of others not presently known to these Defendants.

**SEVENTH DEFENSE**

58. Defendants enjoy a qualified and/or absolute immunity, including statutory immunity under R.C. § 2307.22, *et seq*. and/or privilege in this case.

**EIGHTH DEFENSE**

59. Plaintiff's claims are barred by doctrines of waiver, estoppel, laches, or by the applicable statutes of limitations.

**NINTH DEFENSE**

60. Plaintiff's claims are barred by virtue of the doctrines of res judicata, collateral estoppel, claim preclusion and/or issue preclusion.

**TENTH DEFENSE**

61. If Plaintiff was injured or damaged, any and all such injury or damage was a proximate result of the intervening and/or superseding acts and/or criminal acts and/or omissions of persons and/or entities not under the control of these Defendants.

**ELEVENTH DEFENSE**

62. Plaintiff has failed to mitigate damages, if any.

**TWELFTH DEFENSE**

63. At all times, Defendants acted reasonably, in good faith, upon advice of counsel, in accordance with law and/or in the exercise of their statutory duties and responsibilities.

**THIRTEENTH DEFENSE**

64. Plaintiff's claims for damages violate the due process clauses of the Federal and Ohio Constitutions.

**FOURTEENTH DEFENSE**

65. Plaintiff has failed to join necessary and indispensable parties

WHEREFORE, Defendants Blendon Township and John Belford pray that Plaintiff's Complaint be dismissed with prejudice and that Plaintiff be ordered to pay all costs and reasonable attorney fees sustained by these Defendants.

Respectfully submitted,

*/s/ Thomas N. Spyker*
Thoams N. Spyker (0098075)
Patrick Kasson (0055570)
**REMINGER CO., LPA**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Tel: 614-228-1311 | Fax: 614-232-2410
pkasson@reminger.com
tspyker@reminger.com

*Counsel for Defendants*

**JURY DEMAND**

Defendants demand that this case be heard by a jury comprised of the maximum number of members allowable under law.

Respectfully submitted,

*/s/ Thomas N. Spyker*
Patrick Kasson (0055570)
Thoams N. Spyker (0098075)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed and served upon all counsel of record by operation of this Court's CM/ECF system this 24th day of November 2025.

Respectfully submitted,

*/s/ Thomas N. Spyker*
Patrick Kasson (0055570)
Thoams N. Spyker (0098075)